METROPOLITAN LIFE INS. CO. v. HALLORAN-JUDGE TRUST CO. et al.

No. 5410.   Decided December 5, 1935.   (52 P. [2d] 433.)

*N. J. Cotro-Manes, L. I. Layton,* and *Ricy H. Jones,* all of Salt Lake City, for appellant.

*Dan B. Shields* and *Geo. G. Armstrong,* both of Salt Lake City, for respondent.

PRATT, District Judge.

The plaintiff insurance company recovered a decree of foreclosure against the defendant receiver and the defendant investment company upon lands owned by the latter. The receiver and the investment company appealed. The other defendants are out of the case. Between the appellants some 51 errors were assigned. The case was argued to this court upon two different occasions. Upon the last, and the briefs submitted in support thereof, all alleged errors were waived except the following: An alleged improper calculation of the amount due under the terms of the note and mortgage; the allowance of unpaid taxes; and the allowance of attorney's fees.

To properly discuss these alleged errors it seems advisable to give a brief chronological statement of the case. The note and mortgage are dated January 15, 1927, and cover a loan of $40,000. The principal was payable in installments of $800 each, commencing with the 1st of August, 1927, and on the 1st of February and 1st of August of each year thereafter, to and including the 1st day of August, 1931; thereafter the balance of principal of $32,000 was to become due on the 1st of August, 1932. Interest at the rate of 5½ per cent per annum was payable semiannually on the same dates as the installments of principal. Interest at the rate of 1 per cent per month was provided for delinquent payments. Under the evidence, the principal installments were paid to and including August, 1930, and the interest installments to and including February, 1931. The 1930 taxes in the sum of $1,970.80 were not paid by the mortgagor. One installment of interest was $17.27 more than was necessary, and as a result said sum was credited upon the installment

of principal due February 1, 1931, leaving a balance of $728.73 for that payment.

The note and mortgage contain the following clauses:

" * * * If default be made in * * * any instalment thereof * * * or if default be made in the performance of or compliance with the covenants and conditions of said mortgage * * * the entire amount of the principal of this note with all interest then accrued shall, at the option of the holder * * * become and be due and collectible on the conditions as expressly provided in said mortgage, time being of the essence of this agreement. It is agreed that the interest rate shall be one per centum per month on any sum payable hereunder (including instalments of interest) after the same becomes due and collectible and until paid. * * *"

"If the Mortgagor shall fail to promptly pay all taxes, assessments and insurance premiums, the Mortgagee, or its assigns, is authorized to pay the same, and all money so expended shall be secured hereby, and draw interest at the rate of one per cent. (1%) per month, until paid."

"* * * If such suit be brought, the court may appoint a receiver of the mortgaged premises, pending foreclosure and redemption. In such suit there shall be included in the amount decreed to be paid plaintiff, the principal and interest, and all money advanced for taxes, assessments, insurance, or to remove liens, with interest thereon, and all costs and expenses incurred including reasonable attorney's fee. * * *"

Suit was commenced July 13, 1931; judgment and decree were entered April 9, 1932. A notice of motion to stay sale and vacate proceedings was filed May 2, 1932; argued and was denied May 9, 1932. A notice of motion for new trial was filed May 3, 1932, and argued and denied on July 16, 1932. In the meantime, on May 9, 1932, the property was sold in satisfaction of the judgment, without a deficiency, to the plaintiff for the sum of $43,896.70. The period of redemption thus expired in November, 1932. Notice of appeal was filed January 14, 1933.

It is to be noted that the sale took place and the period of redemption ran and expired at and during a time when there was nothing of record in the case to stay such proceedings. The motion for a new trial did not act as a stay, and

the appeal had not as yet been taken. Judgment was entered for the sum of $34,382.72, with interest thereon at 1 per cent per month from February 1, 1931, to the date of the decree, which interest was computed to be $4,813.58; for $2,000 attorney's fees; and for $1,917.80 unpaid in taxes, with interest thereon at the rate of 1 per cent per month from the 30th day of November, 1930. Costs were included. Was the amount of the judgment correct?

We think the computation of interest is erroneous. In the first place there is only a part of the balance of principal of $34,382.72 which bears interest at the rate of 1 per cent per month from February 1, 1931, and that is the balance of installment of $782.73 due that date. The other part, to wit, the sum of $33,599.99, carries interest at the rate of 5½ per cent per annum until it is declared due under the acceleration clause quoted above; that is, until the suit was commenced July 13, 1931, under the evidence in this case. *Jensen* v. *Lichtenstein*, 45 Utah 320, 145 P. 1036. The $34,382.72 under the terms of the note and mortgage would bear interest at the rate of 1 per cent per month from and after the institution of the suit. Interest figured in this manner would produce a sum considerably less than $4,813.58; approximately $4,100.

Under the evidence in the case the allowance of the sum of $1,917.80 unpaid taxes as part of the judgment was clearly erroneous, as there was no evidence offered to show that the insurance company had paid those taxes. By the terms of the note and mortgage, that sum was not to become part of the principal of the judgment until paid out by the mortgagee. (See the tax clause quoted above.) Furthermore, if these taxes are paid subsequent to the judgment, they may be included in the amount necessary to redeem the property R. S. Utah 1933, 104-37-31 and 104-37-32.

Appellants do not object to the allowance of $2,000 attorney's fees on any theory that those fees were unreasonable. They base their objection upon some interpretation

of the contracts, as they view them, to the effect that a condition precedent to the recovery of attorney's fees was the placing of the claim in the hands of an attorney for collection without suit, which, had it been done and been successful, would result in only 5 per cent of the amount collected being attorney's fees, under the terms of the instruments. As to this assignment of error, we believe appellants have erroneously interpreted the note and mortgage, and, therefore, the assignment is not well taken.

The cause is remanded to the district court of Salt Lake county, with directions to modify the judgment, after a correct computation of interest, in accordance with the views herein expressed; to permit plaintiff to show, if that be the fact, that the taxes for 1930 were paid by it prior to judgment, and, if so paid, the amount thereof, penalty and interest, to be included in the amount of the judgment; but, if not so paid, the amount thereof, with interest thereon, to be stricken and the judgment rendered accordingly. Costs to appellants.

ELIAS HANSEN, C. J., FOLLAND and EPHRAIM HANSON, JJ., and McKINNEY, District Judge, concur.

MOFFAT and WOLFE, JJ., being disqualified, did not participate herein.